# Exhibit A

STATE OF NEW YORK
SUPREME COURT        COUNTY OF SCHOHARIE

---

MARY PHILLIPS,

         Plaintiff,

- against -

LUCENT TECHNOLOGIES, INC. PENSION PLAN,

         Defendant.

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates
Schoharie County as
the place of trial.

The basis of venue is
the Plaintiff's residence.

To the Above-Named Defendant:

**You are hereby summoned** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: November 16, 2020

                                       Lucas G. Mihuta, Esq.
                                       Mack & Associates, PLLC
                                       *Attorneys for Plaintiff*
                                       270 Mount Hope Drive
                                       Albany, NY 12202
                                       (518) 465-1451

Plaintiff's Residence:

988 Potter Mountain Road
Gilboa, NY 12076

STATE OF NEW YORK
SUPREME COURT          COUNTY OF SCHOHARIE

MARY PHILLIPS,

              Plaintiff,

- against -

LUCENT TECHNOLOGIES, INC. PENSION PLAN,

              Defendant.

**COMPLAINT**

Index No.:
Date Purchased:

The Plaintiff, MARY PHILLIPS, complaining of the Defendant, LUCENT TECHNOLOGIES, INC. PENSION PLAN, by and through her attorneys, MACK & ASSOCIATES, PLLC, alleges the following:

1. The Plaintiff, Mary Phillips, is, and at all times hereinafter mentioned was, a resident of the Town of Gilboa, County of Schoharie, State of New York.

2. Upon information and belief, the Defendant, LUCENT TECHNOLOGIES, INC. PENSION PLAN, is an "employee pension benefit plan" and a "defined benefit plan" as defined by the Employee Retirement Income Security Act (here referred to as "ERISA"), with a principal place of business located at 600-700 Mountain Avenue, Room 6C-402A, Murray Hill, NJ 07974.

3. Upon information and belief, the Sponsor of the Defendant employee pension benefit plan is Nokia of America Corporation, a foreign business corporation, duly-authorized to transact business in the State of New York, with a principal place of business located at 600 Mountain Avenue, Murray Hill, NJ 07974.

4. Upon information and belief, the Nokia of America Corporation administers the Defendant employee pension benefit plan.

5. On April 27, 2963, the Plaintiff married her late husband, Francis Phillips (hereinafter referred to as the "Decedent").

6. The Plaintiff and the Decedent were still married on the date of the latter's passing on February 22, 2018, at the age of 87.

7. The Decedent, who had been an occupational employee of Lucent Technologies, Inc., retired on November 26, 1991, with a service pension under the Defendant employee pension benefit plan.

8. Upon information and belief, on or about December 1, 2006, Lucent Technologies, Inc. merged with Alcatel SA of France, forming Alcatel-Lucent S.A., which was thereafter purchased by Nokia of America Corporation in or about 2016.

9. As a result of the Decedent's passing, under the terms of the Defendant employee pension benefit plan, the Plaintiff is entitled to, *inter alia*, a Death Benefit in the amount of Thirty Nine Thousand Six Hundred Fifty and 00/100 dollars ($39,650.00).

10. On March 1, 2018, the Plaintiff called the Defendant employee pension benefit plan, through the Nokia Benefits Resource Center (hereinafter referred to as the "NBRC"), and reported the Decedent's death.

11. Upon information and belief, during that telephone call, the Plaintiff was advised that a death benefits claim package would be mailed to her, which she would have to complete, execute and return in order for the claim to be processed.

12. The Defendant employee pension benefit plan, by and through the NBRC, maintains that it mailed the death benefit package to the Plaintiff on March 2, 2018, directed to the Plaintiff's "NY address of record."

13. The Plaintiff never received the death benefit package.

14. In response to a written request made pursuant to ERISA §502(a), the Defendant employee pension benefits plan, by and through the NBRC, furnished a copy of its purported March 2, 2018, correspondence.

15. The Defendant employee pension benefits plan's aforesaid March 2, 2018, correspondence was addressed as follows:

> SPOUSE OF FRANCIS P. PHILLIPS
> 988 POTTER MOUNTAIN ROAD
> GILDOA NY 12076

16. Significantly, the Plaintiff resides in the Town of Gilboa, not Gildoa.

17. Upon information and belief, on October 29, 2018, the Defendant employee pension benefit plan, by and through the NBRC, mailed the Plaintiff a Death Benefit reminder notice, which notice was again sent to the following incorrect address:

> SPOUSE OF FRANCIS P. PHILLIPS
> 988 POTTER MOUNTAIN ROAD
> GILDOA NY 12076

18. The Plaintiff never received the aforesaid Death Benefit reminder notice, purportedly sent by the Defendant employee pension benefits plan on October 29, 2018.

19. Thereafter, on April 1, 2019, the Defendant employee pension benefit plan, by and through the NBRC, sent the Plaintiff a Death Benefit denial notice, again to the above-referenced incorrect address.

20. Having received the Death Benefit denial notice, on May 8, 2019, the Plaintiff telephonically contacted the Defendant employee pension benefit plan, through the NBRC, and reported that she was in receipt of the Death Benefit denial notice of April 1, 2019, that she had never received the purported mailings of March 1, 2018 and October 29, 2018.

21. The Defendant employee pension benefits plan, by and through the NBRC, advised the Plaintiff that because her application for the Death Benefit had not been completed and returned within one (1) year of the Decedent's death, she was no longer eligible for the benefit.

22. Eventually, on October 22, 2019, the Defendant employee pension benefits plan, by and through the NBRC, mailed the Plaintiff another Death Benefit application packet with an invitation that she

complete and return it.

23. In or about November of 2019, the Plaintiff returned the completed Death Benefit application materials as requested.

24. Thereafter, on or about March 26, 2020, the Defendant employee pension benefit plan, by and through the Nokia Benefit Claim and Appeal Committee (hereinafter referred to as the "BCAC"), reviewed the Plaintiff's case, and issued a denial letter dated April 22, 2020, primarily relying upon the Plaintiff's purported failure to file the Death Benefit claim within one (1) year of the Decedent's death.

25. By written submission dated June 10, 2020, the Plaintiff administratively appealed the denial of her filed Death Benefit claim.

26. In its meeting of July 29, 2020, the Defendant employee pension benefit plan, by and through the Employee Benefits Committee, denied the appeal, and an appeal determination letter was subsequently issued on August 6, 2020.

27. On September 24, 2020, the Plaintiff, through legal counsel, requested that the Defendant employee pension benefit plan, by and through the Employee Benefits Committee, reopen the appeal and reconsider its decision, particularly in light of the newly raised documentary evidence that the Death Benefit claims packet and subsequent reminder notice, each of which the Plaintiff has persistently claimed she never received, were undisputedly mailed to an incorrect address.

28. By correspondence dated October 20, 2020, the Defendant employee pension benefits plan, by and through the Employee Benefits Committee, advised that it was declining to reexamine with appeal.

29. The Plaintiff has exhausted all available administrative remedies.

30. Incidentally, it is also significant that on October 14, 2019, the Plaintiff's representative was advised via telephone by a representative of the Defendant employee pension benefit plan that initial Death Benefit application materials were never sent to the Plaintiff.

31. Upon information and belief, the Defendant employee pension benefits plan does not dispute that the Plaintiff's representative was so advised, by maintains that the representative who provided the information was mistaken.

32. The Defendant employee pension benefits plan has violated ERISA by wrongfully denying the Plaintiff the Death Benefit to which she is entitled under the terms of the Defendant employee pension benefit plan.

33. In this action, the Plaintiff seeks declaratory, injunctive, and equitable relief, together with attorney's fees and costs, arising out of the Defendant employee pension benefit plan's wrongful denial of the Death Benefit to which the Plaintiff is entitled under the terms of the Plan.

34. This action is brought pursuant to 29 USCA §1132(a)(1)(B) by the Plaintiff beneficiary under an "employee pension benefit plan" and a "defined benefit plan" as defined by the Employee Retirement Income Security Act (ERISA), who is seeking to recover benefits due her under the terms of the Defendant employee pension benefits plan, to enforce her rights under the terms of the Plan, and to clarify her rights to future benefits under the terms of the Plan.

35. This Court's jurisdiction is therefore invoked pursuant to 29 U.S.C.A. §1132(e)(1).

36. The Plaintiff is also seeking an award of costs and attorneys fee pursuant to 29 U.S.C.A. §1132(g).

37. The amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

Wherefore, Plaintiff prays that this Court issue an Order:

a. Declaring the conduct engaged in by Defendant employee benefit plan to be in violation of ERISA, the terms of the Plan, and the Plaintiff's rights;

b. Declaring that the Defendant employee benefit plan be estopped from denying the Plaintiff's

Death Benefit application based upon her failure to complete and return the same within one (1) year of the Decedent's passing;

    c. Enjoining Defendant from denying the Plaintiff's Death Benefit application based upon the Plaintiff's failure to complete and return the same within one (1) year of the Decedent's passing;

    d. Awarding the Plaintiff the costs and attorney's fees of this action; and

    e. Granting such other and further relief as it may deem just and proper.

Dated: November 16, 2020

By: Lucas G. Mihuta, Esq.
MACK & ASSOCIATES, PLLC
*Attorneys for Plaintiff*
270 Mount Hope Drive
Albany, NY 12202
(518) 465-1451

STATE OF Florida
COUNTY OF Indian River : ss.:

Mary Phillips, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true.

*Mary J. Phillips*
Mary Phillips

Sworn to before me this
17th day of November, 2020

_____
NOTARY PUBLIC

MATT MARTISE
Notary Public, State of Florida
Commission# HH 6154
My comm. expires June 2, 2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SCHOHARIE
-----------------------------------------------------------------x
MARY PHILLIPS,

                            Plaintiff/Petitioner,

       - against -                             Index No. 2020-446

LUCENT TECHNOLOGIES, INC. PENSION PLAN,

                            Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: December 2, 2020

Lucas G. Mihuta, Esq.
_____
Name

Mack & Associates, PLLC
_____
Firm Name

270 Mount Hope Drive
_____

Albany, NY 12202
_____
Address

518-465-1451
_____
Phone

LGM@mack-associates.com
_____
E-Mail

To: Nokia Legal & Compliance

Room 6C-412

600-700 Mountain Avenue
Murray Hill, NJ 07974

2/24/20

Index # 2020-446          Page 2 of 2          EF-3